Argued and submitted January 16, reversed and remanded May 1, 1996

# Kent ERSKINE
and Donna Zimmerman,
*Respondents,*

*v.*

# James ELLIOTT,
*Appellant,*

*and*

# CITIZENS BANK OF ASHLAND;
Jackson County, Oregon;
the unknown beneficiaries of that
certain trust wherein V.O.N. Smith is trustee;
and all other persons or parties
unknown claiming any right, title,
lien or interest in the property
described in the complaint herein,
*Defendants.*

(93-4284-E-2(4); CA A87102)

916 P2d 319

Thomas C. Howser argued the cause for appellant. With him on the briefs was Howser & Munsell, P.C.

Joseph E. Kellerman argued the cause for respondents. With him on the brief were Blackhurst, Hornecker, Hassen & Erwin B. Hogan.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

RIGGS, P. J.

## RIGGS, P. J.

■ Plaintiffs brought this action for a declaratory judgment, adverse possession and reformation in order to resolve a dispute concerning the ownership of a lane approximately 30 feet wide that bisects their property. The trial court granted plaintiffs' motion for summary judgment, and defendant[1] appeals. We review that determination, viewing the record in the light most favorable to defendant, for the purpose of determining whether plaintiff has established that there are no genuine issues of fact and that plaintiff is entitled to judgment as a matter of law, ORCP 47; *Jones v. General Motors Corp.*, 139 Or App 244, 911 P2d 1243 (1996), and reverse and remand.

The record on summary judgment shows these undisputed facts: V.O.N. Smith was the principle shareholder of the Citizens Bank of Ashland, for which he was also cashier. In 1923, Citizens Bank lent $6,000 to Herrins, and Herrins gave a mortgage on real property in issue to Citizens Bank as security for the loan. In August 1928, the county foreclosed on the property for failure to pay real property taxes. In December 1929, Herrins gave a warranty deed to the property to "Smith, trustee, his heirs and assigns," for a consideration of $100. The deed does not say for whom Smith acted as trustee. The county foreclosed on the property again, and on January 25, 1930, Smith, again named as trustee, obtained a sheriff's trust deed to the property for the consideration of $361.34. On December 14, 1931, the bank issued a satisfaction of the mortgage, and Herrin's debt to the bank was canceled. The bank's recorded satisfaction of the mortgage states, in part:

> "This instrument is executed by V.O.N. Smith, Cashier of the above named banking corporation by virtue of an order and resolution of the Board of Directors."

The bank ceased operations in 1932, and its affairs were placed in the hands of the Superintendent of Banks. An

---

[1] James Elliott is the only defendant who appeals, and we use the term to refer to him.

inventory of assets dated May 15, 1933, does not list the subject property. Until 1940, when the bank's assets were liquidated, the Circuit Court of Jackson County acted as the bank's trustee. Every transaction of the bank was recorded in the ledger of the Jackson County Circuit Court; the ledger reflects no transactions with regard to the subject property.

On August 24, 1937, Smith, still denominated *trustee*, transferred some of the property subject to the deed to Robert Beattie. The deed expressly mentioned "a one-half interest in the Lane approximately 30 feet wide, lying along the easterly side of the above described tract." In September 1937, Herrins executed an "estoppel affidavit," which said, in part:

"That we are the identical persons who executed and delivered that certain deed to V.O.N. Smith, Trustee, dated November 29, 1929 * * *.

"That the aforesaid deed was an absolute conveyance of the title to the premises to the grantee therein named in effect as well as in form, and was not and is not now intended as a mortgage, trust conveyance for our benefit, or security of any kind; that the consideration for the aforesaid deed was the full cancellation of all debts, obligations, costs and charges heretofore existing under and by virtue of the terms of a certain mortgage on the property described in said deed, executed by [Herrin] to the Citizens Bank of Ashland * * * and delivery to the affiant Fred W. Herrin, of the note secured by said mortgage, duly canceled receipt of which canceled note is hereby acknowledged.

"That the aforesaid deed was made by these affiants as their voluntary and free act, and at the time of the making of said deed these affiants felt and still feel that the said mortgage indebtedness represented a fair value of the property so deeded; that in executing said deed these affiants were not acting under any misrepresentation as to effect thereof or under any duress or influence by the grantee, and it was the intention of these affiants to convey by said deed to the grantee therein, all their rights, title and interest absolutely in and to the premises described in said deed.

"This affidavit is made for the protection and benefit of the aforesaid grantee in said deed, his heirs and assigns, and all other parties hereinafter dealing with or who may

acquire an interest in the property therein described, and shall bind the heirs, administrators and assigns of these affiants."

On November 23, 1937, Smith, again named as trustee, transferred the remainder of the property to McCallisters, but the conveyance did not include a description of the other half of the disputed lane.

In 1969, the properties on both sides of the lane came under the common ownership of plaintiffs' predecessor. The deed by which the predecessor acquires title does not expressly mention the lane but it is erroneously included in the property description. Plaintiffs acquired the property in 1986.

Defendant's property is to the north of plaintiffs' land. The disputed lane bisects plaintiffs' land and would give defendant access to a county road from his property. Defendant learned that the conveyances to Beattie and McCallisters had omitted the disputed parcel. He contacted the heirs of Smith and requested that they deed the property to him. The heirs told defendant that they had no interest in the property, but on his insistence they signed a bargain and sale deed in May 1991. Defendant subsequently paid taxes on the property back to 1988 and the county created a tax lot in his name.

■ Plaintiffs presented evidence to the trial court on summary judgment intended to show that the only reasonable inference from the record is that Smith acted as trustee for the bank and that all transactions related to the property were on behalf of the bank. Thus, they contend, Smith's heirs did not acquire an interest in the disputed property when Smith died and had no interest to convey to defendant. Defendant submitted evidence in an effort to show that the documents create factual issues concerning the nature of Smith's interest as trustee.

The trial court rejected defendant's view and granted summary judgment to plaintiffs. On appeal, defendant asserts that there is at least a question of fact as to whether Smith held the disputed property individually or in trust, and for whom. We agree with defendant's contentions.

The documents and the record on summary judgment create material factual issues about the purposes of the deeds to Smith, the estoppel affidavit, and the reason Smith acted as trustee. For example, if the property was held by Smith as trustee for the bank, why was the deed not described in the list of the bank's assets subject to liquidation? Why do the records of Jackson County reflect no transactions with regard to the property on behalf of the bank? Why, after the bank had ceased to operate, did Herrins execute an estoppel affidavit declaring the deed to "Smith, trustee," to be an absolute conveyance to Smith? These multiple questions create material issues of fact for the trial court.

■    Because it may arise on remand, we address defendant's contention that ORS 93.210 operated to vest an interest in the property in Smith individually. That statute provides:

> "If a deed to real estate has been made to a grantee in trust or designating the grantee as trustee, and no beneficiary is indicated or named in the deed, a deed thereafter executed by such grantee conveying the property is presumed to have been executed with full right and authority and conveys prima facie title to the property. The grantee in the last-mentioned deed is under no duty whatsoever to see to the application of the purchase price. If the last-mentioned deed is recorded after June 7, 1937, after five years from its recording or, if it was recorded prior to June 7, 1937, then after June 7, 1942, the presumption is conclusive as to any undisclosed beneficiary and the title to the real estate, based upon the last-mentioned deed, shall not be called in question by any one claiming as beneficiary under the first-mentioned deed."

Defendant asserts that, in a situation such as this, when the deed makes reference to a trustee but does not make any reference to the beneficiary, ORS 93.210 requires that the deed be treated as a transfer free of the trust. We reject the contention. The statute merely provides that if a deed is made to a grantee in trust without indicating a beneficiary, then it is presumed that a subsequent deed by the grantee was executed with full right and authority and a subsequent grantee is "under no duty to see to the application of the purchase

price." After five years, the presumption becomes conclusive only

> "as to any undisclosed beneficiary and the title to real estate * * * shall not be called into question by anyone claiming as a beneficiary."

Thus, the statute protects subsequent takers from a trustee by eliminating their duty of inquiry to ascertain the nature and effect of a trust relationship. The statute prevents undisclosed beneficiaries from challenging facially valid title but does not otherwise alter the law regarding the devolution of title. Neither plaintiffs nor defendant claims to be an undisclosed beneficiary of the trust to which Smith was (or may have been) trustee, and defendant does not claim to derive his interest from Smith but from Smith's children. Defendant's contention that ORS 93.210 somehow vests personal title in a grantor designated as trustee such that the trustee's surviving children take the property upon the trustee's death is without support in the statute.

Reversed and remanded.